IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD SHEA, | ) |
| | ) Civil Action No. 2:15-cv-1697 |
| Petitioner, | ) |
| | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| PENNSYLVANIA BOARD OF | ) |
| PROBATION AND PAROLE, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Presently before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Donald Shea ("Shea" or "Petitioner") (ECF No. 5). In his petition, Shea alleges that the Pennsylvania Board of Probation and Parole (the "Board") has unconstitutionally denied him parole. For the reasons that follow, the Petition will be denied. Also, the Court finds that there is no basis upon which to grant a certificate of appealability.

### Relevant Factual and Procedural History

Shea is a pro se state inmate incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania (ECF No. 5). According to Shea, he "currently is involved in the Veterans Re-Entry Program on the Veterans Unit (VSU),[2] he is 66 years old, in very poor health, and he has served more than 35 years of his 40 maximum sentence." (ECF No. 6, Memo. of

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et. seq., Consent to Trial / Jurisdiction by United States Magistrate Judge (ECF Nos. 15 and 18).

[2] The record reflects that Shea is "a Veteran of the Vietnam Era who served in the Air Force from May 18, 1967 to March 20, 1969." (ECF No. 1-8.) According to Shea, he voluntarily transferred from SCI Graterford to SCI Pittsburgh in order to participate in the Veterans Service Reentry Program, "which he was given a promotional transfer by the DOC to do." (ECF No. 6, Memo. of Law in Supp. of Writ, at 3.)

1

Law in Supp. of Writ, at 9.) The Board has parole authority over him based upon an aggregated 20 year to 40 year term of imprisonment for his convictions of two counts of Rape, two counts of Involuntary Deviate Sexual Intercourse, one count of Kidnapping, and one count of Robbery. (Affidavit of Marci Johnson, ECF No. 12-1, Attachment A, at ¶ 9.) The inmate number assigned to Shea for his aggregated sentence is AM-4683. (*Id*.) The original minimum and maximum dates for his sentence are October 11, 2000, and October 11, 2020, respectively. (*Id.* at ¶ 10.) The Board has reviewed and denied Shea parole eleven times. (*Id*. at ¶ 11.) The Board last reviewed Shea for parole on October 23, 2014 and denied him parole by decision recorded November 18, 2014. (*Id*. at ¶ 13.)

The Board first denied Shea parole by decision recorded November 1, 2000. The Board informed Shea:

> Following an interview and review of your file, the Pennsylvania Board of Probation and Parole has determined that the fair administration of justice cannot be achieved through your release on parole. You are therefore refused parole and ordered to:
>
> Be reviewed in or after May, 2002.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have participated in a treatment program for: sex offenders.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 2).

The Board denied Shea parole for a second time by decision recorded May 1, 2002. The Board informed Shea:

2

> Following an interview and review of your file, the Pennsylvania Board of Probation and Parole has determined that the fair administration of justice cannot be achieved through your release on parole. You are therefore refused parole and ordered to:
>
> Be reviewed in or after April, 2003.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have participated in/successfully completed a treatment program for: sex offenders, psycho education, anger and sex offending.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).
>
> Sex Offender program evaluation to be available at time of review.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 3).

The Board denied Shea parole for a third time by decision recorded July 2, 2003. The Board informed Shea:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> - The recommendation made by the Department of Corrections.
>
> - Your need to participate in and complete additional institutional programs.
>
> - Additional attendance and participation in Sex Offender Treatment Phase III.
>
> You will be reviewed in or after December 2004.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have participated in a treatment program for: sex offenders, mental health (PTSD).

3

> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).
>
> Sex offender program evaluation to be available at time of review.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 4).

The Board denied Shea parole for a fourth time by decision recorded January 19, 2005.

The Board informed Shea:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> - Your interview with the Hearing Examiner and/or Board Member.
>
> You will be reviewed in or after December 2005.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have participated in a treatment program for: sex offenders.
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 5).

The Board denied Shea parole for a fifth time by decision recorded January 31, 2006.

The Board informed Shea:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests

4

of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:

- Your need to participate in and complete additional institutional programs.

You will be reviewed on or after January, 2007.

At your next interview, the Board will review your file and consider:

Whether you have participated in a treatment program for: sex offenders.

Whether you have maintained a favorable recommendation for parole from the Department of Corrections.

Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).

Your efforts to secure an approved home plan will be submitted to the Board at the time of review.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 6).

The Board denied Shea parole for a sixth time by decision recorded March 28, 2007. The Board informed Shea:

Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:

The negative recommendation made by the prosecuting attorney.

Your need to participate in and complete additional institutional programs.

You will be reviewed on or after September 2008.

At your next interview, the Board will review your file and consider:

Whether you have participated in a treatment program for: sex offenders.

Whether you have received a favorable recommendation for parole from the Department of Corrections.

Whether you have received a clear conduct record and completed the Department of Corrections' prescriptive program(s).

SOAB to be available at time of review.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 7).

The Board denied Shea parole for a seventh time by decision recorded September 12, 2008. The Board informed Shea:

Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:

Your interview with the Board member, and your lack of insight into your criminal/sexual behavior.

You will be reviewed in or after August 2009.

At your next interview, the Board will review your file and consider:

Whether you have successfully completed a treatment program for: prescriptive program plan.

Whether you have maintained a favorable recommendation for parole from the Department of Corrections.

Whether you have maintained a clear conduct record and completed the Department of Corrections' prescriptive program(s).

You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 8).

The Board denied Shea parole for an eighth time by decision recorded September 23, 2009. The Board informed Shea:

6

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.
>
> Other factors deemed pertinent in determining that you should not be paroled: Based on your offense history, the Board still has concerns about community safety.
>
> You are to be reviewed in or after August 2011.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully participated in a treatment program for sex offenders.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have completed the Department of Corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 9).

The Board denied Shea parole for a ninth time by decision recorded October 19, 2011.

The Board informed Shea:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.

>Your failure to demonstrate motivation for success.
>
>Your lack of remorse for the offense(s) committed.
>
>The negative recommendation made by the prosecuting attorney.
>
>You are to be reviewed in or after September 2013.
>
>At your next interview, the Board will review your file and consider:
>
>Whether you have maintained a clear conduct record
>
>Whether you have completed the Department of Corrections prescriptive program(s).
>
>You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1. Exhibit 10).

>The Board denied Shea parole for a tenth time by decision recorded October 23, 2013.

The Board informed Shea:

>Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
>Your risk and needs assessment indicating your level of risk to the community.
>
>Reports, evaluations and assessments/level of risk indicates your risk to the community.
>
>The negative recommendation made by the prosecuting District Attorney's office.
>
>You are to be reviewed in or after October 2014.
>
>At your next interview, the Board will review your file and consider:
>
>Whether you have maintained a favorable recommendation for parole from the Department of Corrections.

> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(ECF No. 6-4, Exhibit 4; ECF No. 12-1, Exhibit 11).

The Board last denied Shea parole by decision recorded on November 18, 2014. The Board informed Shea:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> You need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessment/level of risk indicates your risk to the community.
>
> Your lack of remorse for the offense(s) committed.
>
> The negative recommendation made by the prosecuting attorney.
>
> You are to be reviewed in or after October 2016, or earlier, if recommended by the Department of Corrections/County Prison Staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have completed the Department of Corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(ECF No. 12-1, Exhibit 12).

Following this denial, Shea commenced the present action on December 28, 2015, pursuant to 28 U.S.C § 2254 by filing a petition for writ of habeas corpus. Shea claims that his procedural and substantive due process rights were violated by the Board's repeated denials of parole for arbitrary and capricious reasons. He seeks an order from this Court granting him immediate parole. (ECF No 5).

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that Shea is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a).

Respondents have filed an Answer in which they argue that Shea's claims are meritless.[3] (ECF No. 12.) Shea has filed a Reply (ECF No. 25). The matter is ripe for disposition.

## DISCUSSION

### Exhaustion

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Shea can challenge a parole denial based upon due process grounds, Shea likely is exempt from the exhaustion requirement. *Defoy v. McCullough,* 393 F.3d 439, 445 (3d Cir. 2005); *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012) Respondents concede that exhaustion is not required based on *Defoy*. (ECF No. 12).

---

[3] Respondents also argue that Shea's petition should be dismissed for failure to file the petition within the applicable one-year statute of limitations. For the purpose of this Memorandum Opinion only, and based on the specific facts as pled by Shea and supported by the record, the Court finds that equitable tolling is warranted in this case. Accordingly, the Court will proceed to address the petition on its merits.

10

In any event, a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *Roman,* 675 F.3d at 209 (citing, *inter alia,* 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition has no merit, this Court "need not address the issue of exhaustion in this case." *Id.*

The Court will now turn to the merits of Shea's claims.

Due Process

Shea contends that his denial of parole, despite compliance with the terms and conditions repeatedly set forth by the Board over several years, constitutes a violation of his due process rights. The Court agrees with Respondents and finds that this claim is without merit.

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). Young cannot meet either criterion because there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). Thus, absent the creation of a liberty

interest in parole, a state's decision to deny parole does not create any procedural due process protections.

Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir. 1996); *Rogers v. Pennsylvania Bd. of Prob. & Parole,* 724 A.2d 319, 323 (Pa. 1999). *See also Newman v. Beard,* 617 F.3d 775, 783 (3d Cir. 2010). Because Shea cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision(s) did not violate his right to procedural due process.

Shea fares no better on his argument that the failure to schedule an annual parole hearing constitutes a denial of his procedural due process rights. As set forth above, procedural due process is violated only if the inmate has a liberty interest in parole, which does not exist under federal constitutional or state law. The only right a prisoner has in regards to parole is the right to apply for parole once a year and to have that application considered in a timely manner. 61 Pa. C.S. § 6139. The Board may not restrict an inmate's right to apply for parole. *McGinley v. Pennsylvania Bd. of Prob. and Parole,* 90 A.3d 83, 92 (Pa. Commonw. 2014). Because Shea's claim is based solely on state law, his claim is not cognizable on federal habeas review.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under *Greenholtz*, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman,* 617 F.3d at 782. The United States Supreme Court also has held that "although a person may

12

have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" *Burkett,* 89 F.3d at 139 (citing *Perry v. Sindermann,* 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). *Id.* at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato,* 308 F.3d 236, 246–47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which our appellate court has termed at times "conscience shocking." *Hunterson*, 308 F.3d at 246–47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." *Id*. at 247–48. *See also Newman,* 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *Newman,* 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest [.]") (internal quotations and citations omitted).

Shea argues that the Board's repeated denial of parole is evidence of an arbitrary and capricious decision by the Board. However, the record clearly reflects that the denial of parole in each instance was made on relevant facts, none of which individually or collectively can be said to be egregious. None of the cited reasons are based on constitutionally impermissible grounds, but are instead proper statutory grounds under the Pennsylvania Prisons and Parole Code. *See* 61 Pa.C.S.A. § 6135(a). *See also Wilson v. Pa. Board of Probation and Parole*, 942 A.2d 270 (Pa. Commw. Ct. 2008)(inmate who was not convicted of any sex offenses has no liberty interest in not being required to participate in sex offender programing). Although Shea disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." I will not second guess that determination. Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

**Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Shea has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, a certificate of appealability will not be issued.

## Conclusion

Based on the discussion above, the Petition for Writ of Habeas Corpus will be denied. Further, the Court finds that there is no basis upon which to grant a certificate of appealability.

An appropriate Order follows.

## ORDER OF COURT

**AND NOW,** this 5th day of April, 2016, for the reasons set forth in the Memorandum above, it is hereby **ORDERED** that Shea's Petition for Writ of Habeas Corpus (ECF No. 5) be, and the same hereby, is, **DENIED** and a certificate of appealability is **DENIED**.

The Clerk of Court is directed to close this case.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:	DONALD SHEA  
AM-4683  
SCI Pittsburgh  
Veterans Service Unit  
PO Box 99991  
Pittsburgh, PA 15233  
(via U.S. First Class Mail)

Chad L. Allensworth  
Pennsylvania Board of Probation and Parole  
(via CM/ECF electronic transmission)